Case No. 25-1390

| | |
|---|---|
| IN THE UNITED STATES COURT OF APPEALS<br>FOR THE SEVENTH CIRCUIT | |
| DR. PAMELA KIBBONS,<br><br>Plaintiff-Appellant,<br>v.<br><br>BOARD OF EDUCATION OF TAFT SCHOOL DISTRICT 90, *et al.*,<br><br>Defendants-Appellees. | Appeal from the United States District Court For the Northern District of Illinois<br><br>No. 19-cv-01468<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Heather K. McShain |
| DEFENDANTS-APPELLEES' REPLY<br>ADDRESSING THE ISSUE OF SANCTIONS | |

Now come Defendants-Appellees, the Board of Education of Taft School District 90 and Anthony Peloso (collectively, the "School District") by and through their undersigned counsel, and respectfully submit their reply addressing the issue of sanctions per the Court's February 12, 2026 order (Docket #67):

1. Rule 38 of the Federal Rules of Appellate Procedure authorizes the Court to award "just damages and single or double costs to the appellee" as sanctions when it determines an appeal is frivolous. Fed. R. App. P. 38.

2. In determining whether an appeal is frivolous, the Court considers: (1) whether the arguments made are merely cursory; (2) whether the arguments are wholly undeveloped; (3) whether the arguments simply reassert a previously rejected version of the facts; (4) whether the appeal rehashes positions that the District Court

properly rejected; or (5) whether the appeal presents arguments that are lacking in substance and foreordained to lose. *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 691 (7th Cir. 2018).

3. Plaintiff-appellant Pamela Kibbons's appeal meets these factors of a frivolous appeal.

4. The District Court's ruling on summary judgment found that Kibbons abandoned all four of her claims by failing to respond to the arguments in the School District's summary judgment motion. (Nonprecedential Disposition p. 4).

5. On appeal, Kibbons again waived all four claims by failing to present developed arguments in her briefs. (Nonprecedential Disposition at p. 5). Kibbons submitted an incoherent appellate brief and reply brief which: (1) failed to address the District's Court determination that she waived all of her claims; (2) failed to clearly identify which of the District Court's rulings she was even challenging; and (3) inappropriately requested a "special master" to conduct an evidentiary hearing on allegations of perjury and fabrication of evidence. *Id.*

6. The deficiencies in Kibbons's briefs demonstrate the result of the appeal was foreordained and therefore sanctions are warranted. *See Leahy v. Bd. of Trs. of Cmty. Coll. Dist. No. 508, Cnty. of Cook, State of Ill.*, 912 F.2d 917, 924 (7th Cir. 1990) (granting sanctions under Rule 38 when the appellant prosecuted the appeal "out of sheer obstinacy" rather than a justifiable belief that he could alter the district court's judgment).

7. The response to the Court's order for rule to show cause filed by Kibbons's counsel, Mr. DeRose, states that his declining health played a material role in the quality of briefs filed in this appellate proceeding. (Docket #66 p. 2). The response further states that Mr. DeRose plans to immediately retire from the practice of law and, for these reasons, he should not be sanctioned for his shortcomings in this appeal. *Id.*

8. The School District is sympathetic to Mr. DeRose's declining health, however his declining health and plan to immediately retire does not erase the fact that the School District has spent considerable legal fees defending a frivolous appeal where Mr. DeRose failed to even clearly identify which of the District Court's rulings his client was challenging. (*See* Nonprecedential Disposition at p. 5).

9. Mr. DeRose's response does not provide justification to avoid sanctions in this frivolous appeal. *See Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R.R. Co.*, 905 F.3d 537, 544–45 (7th Cir. 2018) ("Regardless of what the [appellant] might do down the road, [the appellee] should not have been required to litigate *this* appeal. Rule 38 sanctions are designed to compensate the appellee for the time and resources wasted in defending against a plainly baseless appeal [internal citation omitted]. A promise 'not to do it again' does not excuse the harm already inflicted").

10. Upon the Court's request, the School District can provide the Court with a detailed accounting of its costs and attorneys' fees associated with this appeal.

Respectfully submitted,

BOARD OF EDUCATION OF TAFT
SCHOOL DISTRICT 90 AND
ANTHONY PELOSO

By: /s/ Kevin P. Noll
One of Their Attorneys

Stephen R. Miller (6182908) smiller@robbins-schwartz.com
Kevin P. Noll (6313611) knoll@robbins-schwartz.com
ROBBINS SCHWARTZ, LTD.
190 South La Salle Street, Suite 2550
Chicago, Illinois 60603
(312) 332-7760

*Counsel for Defendants-Appellees*
*Anthony Peloso and Board of Education*
*Of Taft School District 90*

# CERTIFICATE OF SERVICE

I, Kevin P. Noll hereby certify that I electronically filed the foregoing Defendants-Appellees' Reply Addressing the Issue of Sanctions with the Clerk of Court using the CM/ECF system on this 23rd day of February 2026, which constitutes service on all parties, registered filing users, pursuant to Fed. R. Civ. P. 5(b) and Cir. R. 25(c)(2).

/s/ Kevin P. Noll
Counsel for Defendants-Appellees